**MAYNARD et al. v. FINNEY et al.**
**No. 8517.**

Circuit Court of Appeals, Fifth Circuit.
Oct. 30, 1937.

---

A. C. Wheeler and Chas. J. Thurmond, both of Gainesville, Ga., and Robert L. Russell, of Winder, Ga., for appellants.

Marion Smith and Julian E. Gortatowsky, both of Atlanta, Ga., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

In 1927 appellees, as buyers, contracted with appellants, as sellers, for the purchase of one-half of the stock of the Barrow County Cotton Mills. As part of the consideration for the purchase sellers guaranteed that the current liabilities were fully offset by the current assets, that the common stock issue represented the total fixed liabilities against the plant, and that, if this were not so, they would make good any deficit. In a later exchange of letters sellers agreed that $78,500 of preferred stock was outstanding, and that this constituted a liability ahead of the common stock, and a breach of the guarantee. An audit taken in connection with the closing of the sale showed an additional breach in the existence of current liabilities in excess of current assets, in the sum of $56,572.73. After some years of unavailing endeavor to obtain satisfaction, appellees brought this suit.

The claim was that the value of the whole issue of the common stock was less to the extent of these excess liabilities—

| | |
|---|---|
| Preferred stock .. | $78,500.00 |
| Excess current .... | 56,572.73 |
| | |
| Total .... | $135,072.73 |

than it had been represented and guaranteed to be, and that plaintiffs, as owners of one-half of it had been damaged one-half of that sum, to wit, $67,536.36.

Defendants, denying Finney's claim to be a resident and citizen of Alabama, and averring that he was a resident and citizen of Georgia, insisted that, for want of diversity, there was a failure of jurisdiction. Not denying that they had sold appellees stock in the mill, nor that they had guaranteed its liabilities to be not in excess of a named sum, they defended the suit on these grounds: That the provision in the contract that Finney should be manager with a salary of $10,000 was contrary to the public policy of Georgia, and vitiated the whole contract; that the guarantees ran not to plaintiffs, but to the company, which was a necessary party to the suit, and there had been a settlement and an accord and satisfaction with it; and that by his mismanagement Finney had caused serious damage and loss to the company in an unnamed amount.

The District Judge thought the evidence, as matter of law, established Finney's citizenship in Alabama. He rejected the defenses (a) that the contract of sale, in providing that Finney was to be manager at a salary of $10,000 a year, was so against public policy as to vitiate the whole contract, and (b) that Finney's management had resulted in heavy losses to the company, for which defendants were entitled to damages. He rejected the first defense because it was not shown that this feature of the contract had operated at all oppressively.

He rejected the damage claims against Finney on the ground that, if they existed, they were claims not of the individual stockholders, but of the company, which alone could prosecute them. Rejecting defendants' view that the contract of guarantee ran to and was for the benefit of the company, and that there had been an accord and satisfaction between the company and them, he charged the jury that the guarantee was personal to and for the benefit of plaintiffs, and sent the case to them to determine what damages, if any, plaintiffs had sustained. Finding for plaintiffs, the jury assessed their damages at $15,000. This appeal is from the judgment on that verdict.

■ Appellants, presenting many assignments of error, urge that the judgment should be reversed. Appellees answer each assignment, but they urge upon us that, without regard to whether any particular ruling complained of is error, the judgment should be affirmed, because, upon the undisputed evidence and the law of the case, plaintiffs were entitled to a verdict for a greater sum than they obtained.

We think appellees are right. The making of the contract is admitted, its terms are neither ambiguous nor obscure. Under them plaintiffs had the right to expect

that there would be no preferred stock ahead of the common stock they purchased, and that there would be no current liabilities in excess of current assets. They were assured by appellants that this was so, and, further, appellants agreed that, if it were not, they would make any deficit good. When the existence of the preferred stock was discovered, appellants agreed that this was a breach of the guarantee, and, upon the coming in of the audit, they agreed that the current liabilities were in excess of the assets.

Appellants have done nothing to make good the deficit the preferred stock caused. As to the deficit arising out of the excess liabilities, while they did agree to surrender certain of their notes to the company, and to pay over to it the difference still due, the notes they gave for this amount they have never paid, nor has any accord and satisfaction been reached.

Matters standing thus, it is clear that upon the record made the recovery had was less than that to which they were entitled as matter of law, and that, if the court had jurisdiction, the judgment, without regard to the claimed errors of procedure, must be affirmed.

Upon the point of jurisdiction we think the judge was right in finding, as matter of law, that Finney had never abandoned his Alabama citizenship and domicile. We think it plain that the evidence that Finney spent part of his time in Georgia, in connection with managing the mill, did not, in view of the undisputed testimony that he had never surrendered or abandoned his Alabama residence, that he paid his poll tax there, and voted there, make a fact issue upon the jurisdictional question.

No reversible error appearing, the judgment is affirmed.